**TOLEDO FAIR HOUSING CENTER,
et al., Plaintiffs,**

v.

**FARMERS INSURANCE GROUP OF
COMPANIES, et al., Defendants.**

No. 3:99CV7108.

United States District Court,
N.D. Ohio,
Western Division.

June 21, 1999.

Stephen M. Dane, Janet Elizabeth Hales, Beth A. Rowe, Cooper, Walinski & Cramer, Toledo, OH, for Plaintiffs.

James D. Curphey, Porter, Wright, Morris & Arthur, Columbus, OH, Benjamin B. Klubes, Skadden, Arps, Slate, Meacher & Flom, Washington, DC, James E. Pohlman, Porter, Wright, Morris & Arthur, Columbus, OH, Andrew L. Sandler, Skadden, Arps, Slate, Meacher & Flom, Washington, DC, for Defendants.

### Order

CARR, District Judge.

This is a case arising from allegations of housing discrimination. Plaintiffs filed an action in state court under Ohio law, Ohio Revised Code § 4112.02(H)(4). Defendants removed this case to federal court pursuant to 28 U.S.C. § 1441. Plaintiffs claim that removal was improper. Pending is plaintiffs' motion for remand and attorney fees. (Doc. 6).

A suit may be removed to federal court under 28 U.S.C. § 1441(a) only if it could have been brought there originally. *See Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). Here, defendants do not allege that jurisdiction exists under 28 U.S.C. § 1332, diversity of citizenship. Thus, defendants must show that this court has jurisdiction pursuant to 28 U.S.C. § 1331, federal question jurisdiction.

"A defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case arises under federal law." *Sable v. General Motors Corp.,* 90 F.3d 171, 174 (6th Cir.1996) (citations omitted). "The presence or absence of federal question jurisdiction is governed by the 'well pleaded complaint rule,' which provides that a federal question is presented on the face of plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana,* 522 U.S. 470, 118 S.Ct. 921, 925, 139 L.Ed.2d 912 (1998) (citations omitted). A federal question appears on the face of a well pleaded complaint if an issue of federal law is a necessary element of plaintiff's claim or if federal law completely preempts plaintiff's state law cause of action. *See id., see also Gully v. First Nat. Bank in Meridian,* 299 U.S. 109, 112, 57 S.Ct. 96, 81 L.Ed. 70 (1936) ( holding that to come within federal question jurisdiction, "a right or immu-

nity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action").

■ Federal laws on fair housing are codified at 42 U.S.C. §§ 3601—3631. Section 3615 of Title 42 states:

Nothing in this subchapter shall be construed to invalidate or limit any law of a State ... that grants, guarantees, or protects the same rights as are granted by this subchapter; but any law of a State ... that purports to require or permit any action that would be a discriminatory housing practice under this subchapter shall to that extent be invalid.

Thus, federal law does not preempt Ohio law regarding housing discrimination except to the extent an Ohio law is itself a "discriminatory housing practice." 42 U.S.C. § 3615.

■ Ohio Revised Code § 4112.02(H)(4) provides that is shall be an unlawful discriminatory practice to

[d]iscriminate against any person in the terms or conditions of selling, transferring, assigning, renting, leasing, or subleasing any housing accommodations or in furnishing facilities, services, or privileges in connection with the ownership, occupancy, or use of any housing accommodations, including the sale of fire, extended coverage, or homeowners insurance, because of race, color, religion, sex, familial status, ancestry, handicap, or national origin or because of the racial composition of the neighborhood in which the housing accommodations are located....

Defendants do not allege that section 4112.02(H)(4) is a discriminatory housing practice. Thus, plaintiffs' complaint in state court was based wholly on Ohio law and no issues of federal law were necessary to the pleading of the state law discrimination claims.

■ While the operative facts of this case might give rise to a federal cause of action under 42 U.S.C. § 3613, "[a]bsent complete preemption, the plaintiffs in a non-diversity action are masters of their complaint and may avoid federal subject-matter jurisdiction by relying exclusively on state law." *Ahearn v. Charter Township of Bloomfield,* 100 F.3d 451, 456 (6th Cir.1996). Plaintiffs filed suit in state court under Ohio law alone and chose not to assert any federal claims.

If plaintiffs had, in their state court suit, asserted claims under both state and federal law, then removal might have been proper under 28 U.S.C. § 1367 which provides that

in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

In order to exercise supplemental jurisdiction over purely state law claims, however, there must be "claims in the action within such original jurisdiction," that is, plaintiffs must have asserted, in addition to their state law claims, claims over which a federal district court has original jurisdiction. 28 U.S.C. § 1367. As noted above, in their state court suit, plaintiffs asserted only state law claims and did not assert any federal claims or state law claims which contain an element of federal law.

■ Defendants' citations to cases involving artful pleading are wholly inapposite. Plaintiffs have properly plead state law claims. The state law claims are not preempted by federal law and do not require the resolution of an issue of federal law. Therefore, plaintiffs did not artfully plead a federal claim as a state law claim. It is true that plaintiffs could have filed a federal claim in addition to their pure state law claims. However, if a plaintiff chooses not to assert a federal claim and to rely wholly on state law, then a plaintiff may do

so without running afoul of the rule against artful pleading. *See Ahearn,* 100 F.3d at 456. Put simply, plaintiffs have not artfully plead a federal claim as a state claim; plaintiffs have plead a pure state law claim and have not plead a federal claim at all.

Defendants' assertion that HUD regulations support the adjudication of plaintiffs' claims in a federal forum is also without merit. When a complaint filed with HUD has been referred to a state or local agency, the Assistant Secretary of HUD must "advise the aggrieved person and respondent of the aggrieved person's right commence a civil action under [42 U.S.C. § 3613] of the FHA in an appropriate United States District Court...." 24 C.F.R. § 103.100(b). The plain language of the regulation states that the Assistant Secretary must advise the aggrieved person and the respondent of the aggrieved person's right to file suit in federal district court.

42 U.S.C. § 3613 itself states that "[a]n aggrieved person may commence a civil action in an appropriate United States district court or State court...." While 24 C.F.R. § 103.100 does not require the Secretary to inform the aggrieved person and the respondent of the aggrieved person's right to file suit in State court under 42 U.S.C. § 3613, 24 C.F.R. § 103.100 does not say that an aggrieved person may not file a suit in State court under § 3613 and it certainly does not say that an aggrieved person is prohibited from filing state law claims in state court. Even if the federal regulation attempted to so limit the rights of an aggrieved party, such a regulation would have no basis in the relevant statutes and would therefore be unenforceable. *See H. Wetter Manufacturing Co. v. United States,* 458 F.2d 1033, 1034 (6th Cir. 1972) (holding, in the context of enforcing a Treasury Regulation, that a "Court may not enforce a regulation that is plainly inconsistent with the revenue statute.").

The only apparent basis for removal in this case is the fact that plaintiffs filed an administrative complaint under federal law with HUD. HUD referred this complaint to the Ohio Civil Rights Commission where it is apparently still pending. The administrative complaint, while arising from the same set of operative facts which giving rise to this suit, was not part of the state court suit and is not before this court.

■ Defendants have failed to cite any authority for the proposition that filing of an administrative complaint will allow a federal district court to exercise subject matter jurisdiction over an action in state court, based on the same set of operative facts giving rise to the administrative complaint, but asserting claims based purely on state law.

Defendants claim that removal is proper because plaintiffs have elected to proceed in a federal forum. (Doc. 11 at 3 ("where plaintiffs have already elected to proceed in a federal forum under federal law they may not then decide to avoid federal court jurisdiction and pursue the same claims against the same defendants in state court")). The source of this forum election theory is apparently dicta in a Second Circuit case interpreting an ambiguous footnote in a Supreme Court opinion. *See Travelers Indemnity Co. v. Sarkisian,* 794 F.2d 754, 760–61(construing *Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 397 n. 2, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981)). The Second Circuit reasoned that removal was allowed in *Moitie* because plaintiff rendered his state claims "federal" and therefore subject to removal by previously filing substantially similar claims, based on the same set of facts as his state claims, under federal law in federal court. *Id.*

I need not address the issue of the forum election theory because by its own terms, it does not apply to the facts present in this case.[1] The few cases cited by

---

**1.** In any event, I respectfully disagree the Second Circuit's forum election theory.

While it may be a waste of judicial resources for a plaintiff to file claims in both state and

defendant in favor of this forum election theory involve plaintiffs who filed suit in federal *court* and then attempted to proceed on state law claims in state court. While plaintiffs filed a complaint with a federal administrative agency, HUD, plaintiffs never filed a complaint in federal district court. The proposition that a plaintiff who files an administrative complaint is thereafter foreclosed from pursuing purely state law claims, based on the same common nucleus of operative facts, in a state court is without basis in the present case law. I can see no reason to change that state of affairs.

I have gone to considerable lengths to point out that there is absolutely no basis for removal under established jurisprudence. Furthermore, to the extent there is any support for the forum election theory, it has no relevance to this case. Thus, I conclude that removal was improper and without any basis in law.

■ Plaintiffs have also moved for payment of attorney fees expended in conjunction with the removal proceedings. Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." A district court enjoys considerable discretion in the granting of attorney fees under 28 U.S.C. § 1447(c) and such a grant will be affirmed on appeal if it is "fair and equitable under all the circumstances." *Morris v. Bridgestone/Firestone Inc.,* 985 F.2d 238, 240 (6th Cir.1993).

■ Under the traditional removal jurisprudence, removal was improper. Even under the forum election theory—a theory for which there is scant support—removal was improper. Thus, I conclude that, in light of the lack of any colorable grounds supporting removal, an award of attorney fees and costs is appropriate.

federal court, the doctrine of res judicata prevents those parallel proceedings from conflicting with one another. I am persuaded by the arguments of the Ninth Circuit that "the election rationale has serious flaws." *Sullivan v.*

For the foregoing reasons, it is hereby

**ORDERED THAT**

1) Plaintiffs' motion for remand and for an award of attorney fees and costs (Doc. 6), shall be, and hereby is, granted; remand stayed pending determination of fees and costs;

2) Plaintiffs to submit statement of fees and cost and supporting memorandum by July 1, 1999; defendants to submit opposition by July 15, 1999.

**So ordered.**

*First Affiliated Securities, Inc.,* 813 F.2d 1368, 1374–75 (9th Cir.1987); *accord Carpenter v. Wichita Falls Independent School District,* 44 F.3d 362, 369–70 (5th Cir.1995).